# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.   CIVIL ACTION NO. 3:24-cv-00106

**$11,123.00 FROM MONEYGRAM INTERNATIONAL, INC., MONEY ORDERS,**

        **Defendant.**

## VERIFIED COMPLAINT OF FORFEITURE

Comes now, the United States of America ("Plaintiff"), by and through its attorneys, William S. Thompson, United States Attorney for the Southern District of West Virginia, and Justin Marlowe, Assistant United States Attorney for the Southern District of West Virginia, and respectfully brings this Verified Complaint (the "Complaint") and alleges as follows in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and to the extent applicable 18 U.S.C. §§ 981, 983, 984, and 985, and the Federal Rules of Civil Procedure.

## NATURE OF ACTION

1. This is a civil action *in rem* brought on behalf of the United States of America, pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), to enforce the provisions for the forfeiture of defendant properties, constituting proceeds of, or which was used or intended to be used in any

    manner or part to commit or to facilitate the commission of one or more violations of 18 U.S.C. §§ 371, 1028A and 1343.

2. This action seeks forfeiture of all right, title and interest in the above-captioned properties because the properties constitute or are derived from proceeds of wire fraud in violation of 18 U.S.C. §§ 1343, 1956 and 1957.  Specifically, as set forth more fully below, Kimberly Barnes conspired with others, both known and unknown to the United States, to defraud the Paycheck Protection Program established by the CARES Act that was implemented by the Small Business Administration supported by the Department of the Treasury.

## JURISDICTION AND VENUE

3. Plaintiff brings this action <u>in</u> <u>rem</u> in its own right to forfeit and condemn the defendant property.  This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. §§ 1345 and § 1355(a) because this forfeiture action has been commenced by the United States.

4. This Court has in rem jurisdiction pursuant to: (1) 28 U.S.C. § 1355(b)(1)(A), because acts and omissions giving rise to the forfeiture occurred in this district; and (2) 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the property is located within this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omission giving rise to the forfeiture occurred in this district.

## STATUTORY BACKGROUND

6. Pursuant to 18 U.S.C. § 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting a "specified

unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), or any conspiracy to commit any such violation, is forfeitable to the United States.

7. Pursuant to 18 U.S.C. § 1956(c)(7)(A), the definition of a specific unlawful activity includes any act or activity constituting an offense listed in 18 U.S.C. § 1961(1).

8. 18 U.S.C. § 1961(1)(B) lists, wire fraud in violations of 18 U.S.C. §§ 1343, 2314, and 2315 as specified unlawful activities.

9. Pursuant to 18 U.S.C. § 981(a)(1)(A)-(C), any property, real or personal, which was involved in or facilitated money laundering transactions or attempted transactions in violation of 18 U.S.C. § 1956, and property traceable to such property is forfeitable to the United States.

## THE DEFENDANTS IN REM

10. The defendants are all present funds seized from MoneyGram International Inc., Money Orders:

| |
|---|
| 20910125048 |
| 20910125049 |
| 20910125050 |
| 20974330008 |
| 20974330009 |
| 20974330010 |
| 20974330125 |
| 20974330126 |
| 20974330127 |
| 20974330153 |

3

| |
|---|
| 20974330154 |
| 20974330155 |
| 2097433424 |
| 20974330425 |
| 20974330426 |

(hereinafter, collectively, the ("Defendant Money Orders"). The total amount for the Defendant Money Orders being $11,123.00 after holding fees.

11. The Defendant Money Orders identified in the paragraph above are presently in the custody of the United States. The Defendant Money Orders were previously seized pursuant to a seizure warrant issued by the Southern District of West Virginia.

12. Pursuant to Supplemental Rule G(2)(f), facts in support of a reasonable belief that the Government will be able to meet its burden of proof at trial are as follows and have been verified by the attached Verification of the Federal Bureau of Investigation task force officer Gage Napier.

## OVERVIEW OF THE FRAUD SCHEME

13. During the period relevant to this Verified Complaint for Forfeiture In Rem: The Paycheck Protection Program ("PPP"), established by the CARES Act, was implemented by the Small Business Administration ("SBA") supported by the Department of the Treasury. The program provided small businesses with funds to pay up to eight weeks of payroll costs including benefits. Funds could also be used to pay interest on mortgages, rent, and utilities.

14. Due to the speed in which PPP loans were approved and funded, many PPP loans were obtained fraudulently, and the distributed funds were commonly used for purposes outside program parameters.

15. Based on the investigation, the Target Money Orders contain illicit proceeds derived from two fraudulent and misused PPP loans.

16. On April 5, 2021, and again on May 20, 2021, an unidentified individual used the name Matthew Fleet to initiate applications for two PPP loans. The applications for both loans listed Matthew Fleet as having 100% ownership in a sole proprietorship related to trucking and furniture that was established on January 1, 2011, with a business address of 735 Go Away Lane, Hartfield, Virginia 23071

17. The first PPP loan, identified as SBA Loan 6169188905, was funded for $20,833. The second PPP loan, identified as SBA Loan 7396489009, was also funded for $20,833. The combined total of the two PPP loans was $41,666.

18. On approximately May 17, 2021, and June 16, 2021, the two PPP loans were deposited into Huntington National Bank checking account number 02778133964 ("HNB 3964"). Huntington National Bank identified HNB 3964's owner as Matthew Fleet, address 247 8th Avenue West, Apt 5, Huntington, West Virginia.

19. An unidentified individual opened HNB 3964 shortly before the PPP loan funds were deposited, on March 24, 2021. The account's only deposits were the two PPP loans and one ACH credit of $1,356 from a Virginia state unemployment program. HNB 3964 was closed on January 31, 2022, after the crediting deposits were depleted. The account was primarily depleted by 38 ATM cash withdrawals totaling $14,373.50 and 14 debit card transactions at various Walmart locations totaling $27,631.44. The withdrawals and

purchases were not payments for payroll costs or benefits, nor used to pay interest on mortgages, rent, or utilities associated with a business purpose in accordance with the PPP.

20. Initial searches and a follow-up search on March 6, 2023, of the Virginia State Corporation Commission website, for businesses formed by "Matt Fleet" and "Matthew Fleet" yielded no results.

21. The FBI obtained Virginia Department of Motor Vehicles ("DMV") information for a Matthew Fleet with his social security number and address 735 Go Away Lane, Hartfield, Virginia 23071. The FBI compared the photo accompanying the DMV information and the driver's license provided in the PPP loan application. The two did not match.

22. On April 4, 2023, the FBI telephonically interviewed the Matthew Fleet identified by the DMV. Mr. Fleet stated that he did not own a sole proprietorship or any other form of business. He further stated that he was unaware of two PPP loans obtained with his identifying information. He also confirmed that he does not own any businesses related to trucking or furniture. Mr. Fleet stated his only business connection to West Virginia is a John Deer dealership in Lewisburg, West Virginia. Mr. Fleet said that he has never banked with Huntington National Bank.

23. The FBI conducted physical surveillance on August 26, 2022, in the vicinity of 247 8th Avenue West, Apartment 5, Huntington, West Virginia, the address on the HNB 3964 account, and observed a parked vehicle bearing West Virginia license plate WR3647, later identified as a 2005 GMC Envoy belonging to Anthony Barnes and Kimberly Barnes. The vehicle's registered address was 247 8th Avenue West, Apartment 5, Huntington, West Virginia.

24. On March 3, 2023, the FBI interviewed Kimberly Barnes at 247 8th Avenue West, Apartment 5, Huntington, West Virginia. Ms. Barnes did not recognize the DMV photo of Matthew Fleet, nor did she recognize the driver's license photo from the PPP application. Ms. Barnes did not know who Matthew Fleet was and had not met a Matthew Fleet. Ms. Barnes did not specifically recall purchasing money orders at Walmart or making ATM withdrawals from HNB 3964. Ms. Barnes vaguely recalled moving money for her boyfriend, Mario Mims, who Ms. Barnes met via Twitter and physically met once in Memphis, Tennessee. Ms. Barnes had not spoken to Mr. Mims in a few months and now had only an email address for him after deleting his telephone number.

25. Within the Walmart transactions debited from HNB 3964, there were 19 MoneyGram money orders purchased for an approximate value of $16,500 under the name of Kimberly Barnes with an address of 247 8th Avenue West, Apt 5, Huntington, West Virginia.

26. The FBI has reviewed financial records involving the MoneyGram money order purchases in the name of Kimberly Barnes.

27. According to MoneyGram, as of March 15, 2023, four of the 19 money orders, were cashed in approximately July and August 2021. The remaining 15 money orders are still outstanding with an approximate value of $11,123.00 after holding fees.

28. MoneyGram International Inc. is a financial institution within the meaning of 31 U.S.C. § 5312. MoneyGram International Inc. is headquartered in Dallas, Texas.

29. The United States seeks to seize and forfeit all funds associated with the Target Money Orders pursuant to the presumption of fungibility in forfeited funds invoked under 18 U.S.C. § 984. Because the Target Money Orders' balance is below the $41,666 of PPP loan funds deposited into HNB 3964, and the money orders were purchased using HNB 3964,

there is probable cause to believe that all the funds remaining in the Defendant Money Orders are forfeitable.

30. For the foregoing reasons, the Defendant Money Orders are forfeitable to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) because the Defendant Money Orders are composed of proceeds drawn from violations of 18 U.S.C. §§ 1343, 2314, and 2315. The defendant properties are also forfeitable to the United States, pursuant to 18 U.S.C. § 981(a)(1)(A) because the defendant properties also facilitated and were involved in monetary transactions in violation of 18 U.S.C. § 1956, as alleged in the Complaint.

## CLAIMS FOR FORFEITURE

31. The allegations contained in paragraphs 1 through 30 of this Verified Complaint for Forfeiture in Rem are incorporated herein and made a part hereof.

32. The defendant properties and all property traceable thereto, are subject to forfeiture as property constituting, or derived from, proceeds traceable to a violation of 18 U.S.C. § 1343.

33. The defendant properties, and all property traceable thereto, are subject to forfeiture as property constituting or derived from, proceeds traceable to a violation of 18 U.S.C. § 371.

34. The defendant properties, and all property traceable thereto, are subject to forfeiture as property constituting, or derived from, proceeds traceable to a violation of 18 U.S.C. § 1028A.

35. The defendant properties, and all property traceable thereto, are also subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C) as property involved in money laundering transactions or attempted transactions in violation of 18 U.S.C. § 1956.

36. As a result of the foregoing, the defendant properties, and all property traceable thereto are subject to condemnation and to forfeiture to the United States, in accordance with 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

## CONCLUSION

37. By virtue of the foregoing and pursuant to 18 U.S.C. § 981(f), all right, title and interest in the defendant properties vested in the United States at the time of the commission of the unlawful acts giving rise to forfeiture has become and is forfeitable to the United States.

WHEREFORE, the United States requests that notice of this action be given to all persons who reasonably appear to be potential claimants to the defendant property; that judgment be entered declaring the defendant properties to be forfeited and condemned to the United States of America for disposition according to law; that plaintiff be awarded its costs and disbursements in this action; and that the Court award such other and further relief as it deems proper and just, including but not limited to expenses of maintenance and protection of the defendant properties as required by 28 U.S.C. § 1921.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney

By:   /s/Justin A. Marlowe
JUSTIN A. MARLOWE
Assistant United States Attorney
WV State Bar No. 9695
300 Virginia Street, East
Room 4000
Charleston, WV  25301
Telephone:  304-345-2200
E-mail: justin.marlowe@usdoj.gov

9

## **VERIFICATION**

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, TO WIT:

I, Gregory Lipari, a special agent with the United States Federal Bureau of Investigation declares under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That the foregoing Complaint for Forfeiture in rem is based upon reports and information I personally have prepared or gathered and which have been provided to me by various law enforcement personnel, and that everything contained therein is true and correct to the best of my knowledge and belief, except wherein stated to be upon information and belief, in which case I believe it to be true.

Executed on 3/4, 2024.

_____
GREGORY LIPARI

Taken, subscribed and sworn to before me this 4th day of March 2024.

_____
Evaline Bennett Cooper
Notary Public

My commission expires on April 30, 2026.



OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
Evaline Bennett Cooper
1690 Carey Place, Charleston, WV 25314
My Commission Expires April 30, 2026